## WILLIAMS et al. v. ROSS et al.

No. 14521—Opinion Filed Jan. 29, 1924.

1. **Execution — Sales — Motion to Set Aside Confirmation—Issues on Hearing.**

Upon |the hearing of a motion to set aside an order of confirmation of sheriff's sale of property under execution, upon the ground that the execution was not issued and returned as the law provides, it is competent and proper to examine the entire record for the purpose of determining the validity of the execution under which the sale was made; and to permit the introduction of the record for that purpose is not error.

2. **Same—Void Execution—Effect.**

When an examination of the record discloses that the execution under which a sheriff's sale was made is void, it follows that all subsequent proceedings, including the order of confirmation of the sale, are null and of no effect; and it is not error for the court to set aside the order of confirmation of sale on motion calling the court's attention to the invalidity of the execution.

3. **Same — Necessity for Statutory Procedure.**

The procedure for the collection of debt by execution is prescribed by statute, and must be substantially complied with.

4. **Same—Execution out of District Court on Transcript of Justice of the Peace Judgment from Another County — Invalidity.**

Where a judgment has been procured in a justice of the peace court in one county and a transcript of such judgment is filed in the district court of another county, no power or jurisdiction is thereby conferred upon the district court of such other county to issue execution thereon; and an execution issued by the district court of such other county is a mere nullity; and the purchaser at the sheriff's sale under such execution acquires no rights in the property; and the order of confirmation is a void order and should be set aside.

5. **Same—Setting Aside Order of Confirmation of Sale—Affirmance.**

Record examined, and held, that the execution under which the sheriff's sale was made was void; and that the order of confirmation of sale was a mere nullity, and it was not error for the court to sustain a motion to set it aside; and that the judgment sustaining the motion should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Ben F. Williams against Mrs. S. C. Ross, Bruce M. Brady, Mrs. Bruce M. Brady, Bob Brady, and Homer Sellers, in justice of the peace court in Cleveland county upon account of money loaned, resulting in judgment for plaintiff. Transcript of judgment direct from justice of the peace court in Cleveland county filed in the district court in Pontotoc county. Upon such transcript of judgment and upon praecipe by plaintiff execution was issued out of the district court of Pontotoc county and levy made upon lands thought to belong to certain of the defendants, and levy, appraisement, and sale had to satisfy the judgment; and order of confirmation of sale. Mrs. S. C. Ross, one of the defendants, filed motion to set aside the order of confirmation, and also one Joan Brady appeared in the case as intervenor, claiming the property, and filed her separate motion to set aside the order of confirmation. Upon a hearing of the respective motions to set aside the order of confirmation of sale said motions were sustained and the order of confirmation of sale was set aside. From the order and judgment of the district court of Pontotoc county setting aside the order of confirmation of sale, the plaintiff Ben F. Williams, and the purchaser of the land at the sale thereof, E. D. Glasco, prosecute appeal as plaintiffs in error against Mrs. 9

G. Ross and Joan Brady, movants, as defendants in error. Affirmed.

E. E. Glasco and Roy Glasco, for plaintiffs in error.

W. F. Schulte, for defendants in error.

Opinion by SHACKELFORD, C. This proceeding grew out of a suit filed in the justice of the peace court in Cleveland county. An examination of the record discloses that plaintiff in error Ben F. Williams filed a suit in the justice of the peace court of J. D. Grigsby, a justice of the peace in and for Cleveland county, against Mrs. S. C. Ross, Bruce M. Brady, Mrs. Bruce M. Brady, and Homer Sellers on an account of money loaned; and therein obtained a judgment against them for $125 debt, and $50 attorney fee, and accrued interest and costs. The plaintiff caused certified transcript of the justice of the peace court judgment so obtained in Cleveland county to be filed in the office of the court clerk of Pontotoc county, and caused the case to be docketed as a district court case in said Pontotoc county, the transcript being filed on February 25, 1922. On the 7th of June, 1922, the plaintiff filed in the district court of Pontotoc county his praecipe for execution against the property of the defendant Mrs. S. C. Ross, and on the same day the court clerk of Pontotoc county issued an execution directed to the sheriff of Pontotoc county directing him to levy upon the goods, chattels, and lands of the defendant Mrs. S. C. Ross to satisfy said judgment. The execution describes the judgment as having been obtained in the justice of the peace court of J. D. Grigsby, a justice of the peace of Cleveland county, and shows the amount of the judgment and when it was obtained; and describes the land of Mrs. S. C. Ross on which levy is sought. A return of the execution is directed to be made within 60 days. The execution was returned by the sheriff of Pontotoc county showing nothing found on which to levy, and was filed with such return thereon on the 15th of July, 1922. On the 10th of November, 1922, the defendant Mrs. S. C. Ross filed motion to quash the execution issued on the 7th of June, 1922, on the grounds that it was not issued and returned as the law provides, and no proper appraisement of the property had been made. On the 22nd of November, 1922, Joan Brady, after having obtained leave of the court, filed a motion to recall and quash the execution issued on the 7th of June, 1922, for the reason that she is the owner of the property sought to be levied upon. These motions were heard and overruled by the court on the 23rd of November, 1922. On the 21st of October, 1922, the plaintiff filed a second praecipe for execution against the property of Mrs. S. C. Ross in which the property on which levy is sought is described, and on the same day the court clerk of Pontotoc county issued an execution directed to the sheriff of Pontotoc county directing him to make levy upon the same property described in the praecipe for execution for the purpose of satisfying plaintiff's judgment, and describing the judgment as having been obtained in the justice of the peace court in Cleveland county, and before J. D. Grigsby, a justice of the peace. The sheriff's return to this execution recites that it came to his hands on the 21st of October, 1922, and that he levied the same upon the property therein described, and that he appointed three disinterested householders, naming them, as appraisers to appraise the said property, and that they returned under their hands an estimate of the real value of the said property, and that he advertised the property for sale and sold it on the 27th of November, 1922, to E. D. Glasco for the sum of $250 cash in hand, he being the highest and best bidder, and having assumed a mortgage indebtedness of approximately $3,000. The return thereon is dated the 27th of November, 1922. The return of the appraisers shows that they viewed and appraised the property levied upon, appraising one tract at $840 and another at $80, both tracts being described. The notice of sale recites that the property was being offered for sale to satisfy a judgment aggregating $175, and accrued and accruing costs; and that the property had been appraised at $920. On the 29th of November, 1922, the plaintiff filed his motion to confirm the sale, and on the 1st of December, 1922, the court made an order confirming the sale and directing the sheriff of Pontotoc county to execute a deed to the purchaser, and on the 7th of December the court made an order directing the court clerk to distribute the funds acquired by the sale.

On the 16th of December, 1922, the defendant Mrs. S. C. Ross appeared and filed a motion to set aside the order approving and confirming the sheriff's sale of the property, for the following reasons: (1) Because the said defendant was not the owner of the land, having sold the same to Joan Brady on the 18th of November, 1921. (2) Because the execution under which the land was sold was not issued, served, and returned according to law. (3) Because no proper notice of the sale or of the confirmation had been given. (4) Because the judgment had been rendered in the justice of the peace court in Cleveland county, and the district court of Pontotoc county was

not authorized to issue execution for the purpose of satisfying such judgment, and that the execution is void. (5) Because the property was not appraised subject to a mortgage of record. (6) Because the sale was made for $250 after an appraisement of the property fixing its value at $920, and not in conformity with the law requiring the sale to be made for not less than two-thirds of the appraised value. And, on the same day, appeared Joan Brady as an intervener, and filed her motion to set aside the order of confirmation for the reason that she, at the time of the sale, and ever since the 18th of November, 1921, had been the owner of the property sold; and for the reasons set out in the motion of the defendant Mrs. S. C. Ross, reciting them; and attaching to her motion her deed to the property, as executed by Mrs. S. C. Ross.

On the 15th of January, 1923, the several parties appeared in the district court of Pontotoc county; and the separate motions to set aside the order of confirmation of sale were heard before the court. The entire record in the case was introduced as evidence upon the hearing, over the objection of the plaintiff and the purchaser at the sheriff's sale: and the same is brought up on appeal in the case-made.

The district court, after an examination of the record, sustained the separate motions to set aside the order of confirmation of the sheriff's sale under the execution. The judgment plaintiff and the purchaser at the sheriff's sale filed a motion for a new trial, which was overruled and exception allowed. From this holding of the court the judgment plaintiff and purchaser at the sheriff's sale prosecute appeal as plaintiffs in error, against Mrs. S. C. Ross and Joan Brady, the movants, as defendants in error.

Several assignments of error are made and presented in the argument in plaintiffs in error's brief. They are all to the effect that the court erred in admitting incompetent, irrelevant, and immaterial evidence upon the hearing of the motions: and that the court erred in sustaining the motions to set aside the order of confirmation of sheriff's sale.

It seems that no journal entry of judgment was filed in the case, and no reasons were given by the court or findings made as to why the motions should be sustained. And it also seems that no request for findings was made.

The complaint as to the introduction of incompetent and irrelevant evidence is based upon the introduction of the various instruments in the case from its inception in Pontotoc county, constituting the record, leading up to the order of confirmation of sheriff's sale. Upon the motions to set aside the order of confirmation it was proper for the court to review the whole record upon which the order of confirmation was based. This was the record upon which the plaintiff in the original case and the purchaser at the sheriff's sale rely to uphold the judgment of the court confirming the sheriff's sale. We think it was competent and proper for the court to examine the entire record for the purpose of determining the validity of the sale, when the question presented by the motions was that the execution under which the sale was made was not issued and returned as the law provides, and was void. If the execution under which the sheriff made the sale was void it would follow that the order of confirmation of sale would also be void. Whether the execution was void was to be determined from an examination of the record. We think the plaintiff in the original case and the purchaser at the sheriff's sale could have been in no wise prejudiced by the introduction in evidence of the record upon which they themselves must of necessity rely. The rule might be different if the sole and only question raised by the motions had been that the property belonged to Joan Brady and not to Mrs. S. C. Ross, but that was not the only question raised. The movants were in the attitude of saying that the execution under which the sale was made is absolutely void and the record upon which the plaintiff and purchaser at the sheriff's sale rely conclusively shows that fact. The entire record was competent for the purpose of determining this question.

We are not advised by any finding of fact as to what was in the mind of the learned trial judge presiding over the district court of Pontotoc county as reasons for setting aside the order of confirmation. Whether or not he found that the property belonged to Joan Brady, or whether the plaintiff had in fact created a lien upon the property by filing the transcript of his justice of the peace judgment in Pontotoc county we do not know; and as to whether Mrs. S. C. Ross had parted with the title before the transcript was filed in Pontotoc county, or whether filing the transcript direct from the justice of the peace court, in Pontotoc county, as was done, would create a lien upon property owned by the defendant Mrs. S. C. Ross in Pontotoc county, we express no opinion.

We will, however, examine the record presented for the purpose of determining whether or not the execution under which

the sale was made was void. If the execution was void, the order of the court setting aside the order of confirmation was correct, regardless of who owned the property. An examination of the record shows that the judgment obtained by plaintiff in error Williams, and on which both plaintiffs in error rely to authorize the issuance of the execution against the property of Mrs. S. C. Ross, was taken in the justice of the peace court of J. D. Grigsby, a justice of the peace of Cleveland county, in a trial had in Cleveland county; that plaintiff Williams caused a certified transcript of the judgment of the justice of the peace court to be filed in the office of the court clerk of Pontotoc county; that the execution under which the sheriff of Pontotoc county made the sale was issued by the court clerk of Pontotoc county; that the sheriff of Pontotoc county appointed appraisers, who viewed the property levied upon and fixed the value thereof at $920; that the sale was made for $250.

For us to determine whether the execution was properly issued and a valid sale had, it will be necessary to examine the statutes of our state prescribing the procedure in such cases. Compiled Statutes of Oklahoma upon that branch of our procedure are as follows: Section 759:

"In all cases in which a judgment shall be rendered by a county court or justice of the peace the party in whose favor the judgment shall be rendered may file an abstract or transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered; and thereupon the clerk shall, on the day on which the same shall be filed, enter the case on the appearance docket, together with the amount of the judgment and time of filing the abstract or transcript; and shall also enter the same on the judgment docket as in case of a judgment rendered in the court of which he is clerk."

This section authorizes the filing of an abstract of a justice of the peace court judgment "in the office of the clerk of the district court of the county in which the judgment was rendered" and it shall be entered upon the appearance docket and have the force and effect of a judgment rendered in the district court, and the following section provides that it shall have the effect of creating a lien upon the real estate of the judgment debtor the same as if the judgment had been rendered in the district court. Section 690 provides what judgments sha'l become liens upon real estate of the judgment debtor, and then provides:

"An attested copy of the journal entry of any such judgment, together with a state-

ment of the costs taxed against the debtor in the case may be filed in the office of the clerk of the district court of any county and such judgment shall be a lien on the real estate of the debtor within that county from and after the date of filing and entering such judgment on the judgment docket. The clerk shall enter such judgment on the appearance and judgment dockets in the same manner and within the same time after such judgment is filed in his office as if rendered in the court of which he is clerk. Execution shall only be issued from the court in which the judgment is rendered. * * *"

The purpose of filing the journal entry in another county than that in which the judgment is taken is for the purpose of creating a lien upon the real estate of the judgment debtor, and this section expressly provides that execution shall issue from the court in which the judgment was rendered; unless in the case of a county court judgment. When a transcript of a justice of the peace judgment is filed in the district court in the county in which it was rendered it takes the force and effect of a judgment of the district court. And it seems would authorize execution to issue out of the district court so it might be levied on the real estate of the judgment debtor, and also to authorize filing a transcript of the judgment in any other county for the purpose of creating liens upon real estate of the judgment debtor. Section 691 provides that executions "may be directed to different counties at the same time," and section 725 provides the procedure to be followed when an execution is issued to another county than the county in which the judgment was obtained.

There is no statute that we know of that authorizes an execution to issue out of a district court of any other county than the county in which the judgment was taken, upon a judgment rendered in the district court, or upon a judgment of a justice of the peace court, abstract of which has been filed in the district court. In vol. 17, Cyc., p. 990, the rule is laid down as follows:

"The rule is undoubtedly that unless otherwise provided by statute execution can issue only from the court in which the judgment was rendered."

In the absence of statutory authority providing for the issuance of execution out of the district court of Pontotoc county based upon a judgment of a justice of the peace court rendered in Cleveland county and transcribed to Pontotoc county, either express or by reasonable implication, no such authority exists. Where the statute prescribes the procedure it must be followed, as procedure in a different manner is pro-

hibited ·by necessary implication. Undoubtedly when plaintiff had secured his judgment in the justice of the peace court in Cleveland county and had caused abstract thereof to be filed in the district court of Cleveland county and entered on the appearance docket, he had a right to have execution out of the district court of Cleveland county directed to the sheriff of Pontotoc county, or to the sheriff of any other or all the counties in the state as he might see fit.

The procedure being plain, and there being no statutory provision authorizing the clerk of the district court of Pontotoc county to issue an execution for the collection of plaintiff's justice of the peace court judgment taken in Cleveland county, transcript of which was filed in Pontotoc county, the execution based upon such judgment, issued by the clerk of the district. court of Pontotoc county. was a nullity and absolutely void; and likewise all the proceedings had thereunder were void and of no effect.

It is likewise contended that even though the execution was valid the sale made thereunder was void for the reason that there was no proper appraisement of the property and the sale was not made in conformity with plain statutory provisions. The appraisement fixed the value of the property levied upon at $920 and the property was sold for $250. It is contended that this was in violation of section 706, Comp. Stat. 1921, which provides, among other things, that "no such property shall be sold for less than two-thirds of the value returned in the inquest;" and so it seems to be.

Whatever might have been the reason had in mind by the court in sustaining the motions to set aside the order of confirmation, we think the order was correct, based upon an examination of this record. The execution under which the sale was made was null and void, and it was not error to set aside the order of confirmation approving and confirming the sale made thereunder.

We have carefully examined all the contentions made by plaintiffs in error, and find nothing therein requiring a reversal of the judgment of the court below.

We recommend that the judgment of the trial court setting aside the order confirming the sale be affirmed.

By the Court: It is so ordered.